## Danna v. Danna

*Norman S. Faulk*, for plaintiff.

*Reed, Ewing & Ray*, for defendant.

SOHN, J., July 12, 1955.—Joseph M. Danna is plaintiff in an action filed January 30, 1948, against Pauline T. Danna, for divorce from the bonds of matrimony, and Pauline T. Danna is plaintiff in an action filed January 6th, 1948, against Joseph M. Danna for divorce from bed and board. In this opinion we are concerned primarily with the action first referred to. A master was appointed. After taking testimony, he recommended that a decree be refused because plaintiff did not establish that he was an injured and innocent party, and he did not prove indignities to the person. The master overruled exceptions to his report, and the exceptions were renewed before the court. Neither party has brought the case before the court on argument.

The same master was appointed in the case of Pauline T. Danna v. Joseph M. Danna. Some time later, judgment of non pros was entered. On July 8, 1948, on petition of Pauline T. Danna, a rule issued to show cause why the judgment of non pros should not be vacated and plaintiff be permitted to proceed and present her case before the master and incorporate the testimony taken in the case in which the husband is plaintiff. The order stayed all proceedings in the case in which Joseph M. Danna is plaintiff. July 21, 1948,

the order was modified to permit the master to take additional testimony. However, the rule in the wife's case is still pending.

June 21, 1949, Joseph M. Danna filed a petition alleging that he desired to be reconciled with his wife and requesting permission to discontinue his action. Testimony was taken and the trial judge made the following statement:

"We think it is wise to terminate this matter at this point. This matter is continued until the 12th of September, 1949, and having disposed of that, we give our reasons. The law looks with favor on husbands and wives living together. It is for their benefit, and the benefit of the children, unless the Court is forced to refuse to grant the withdrawal of divorce proceedings.

"In this case, both Judge McCreary and myself have discussed it. If we are satisfied that this prayer is sincere, with intent that the parties live together, we would grant the petition. There is not a word of testimony indicating a change of heart, on the part of the husband, towards his wife. There is some evidence of a change of heart, as far as his children are concerned. If he makes some effort, between now and September, we will consider the petition."

No further hearing was requested.

January 26, 1955, Joseph M. Danna filed another petition on which a rule issued to show cause why he should not be permitted to withdraw his action. He alleges that he and his wife became reconciled and lived together until Pauline T. Danna withdrew from their home on November 18, 1950. Joseph M. Danna alleges that his purpose in requesting permission to withdraw the action is to enable him to institute a new action upon the grounds of desertion. Counsel for Pauline T. Danna objects to the request.

Counsel for Joseph M. Danna relies upon the decision in Gingrich v. Gingrich, 47 D. & C. 324, as authority that his request should be allowed. To the same effect is Wurst v. Wurst, 14 Dist. R. 682.

The right to discontinue is in the sound discretion of the court. Ordinarily permission to discontinue will be granted unless the other party will suffer a disadvantage, or it is not sought in good faith or where the ground is adultery: Freedman, on Law of Marriage and Divorce, vol. 2, p. 1355, sec. 671. Disadvantage as used in this connection in textbooks seems to contemplate a situation where respondent has filed a cross bill or an answer asking affirmative relief: Crosby v. Crosby, 42 D. & C. 452. Plaintiff's right to dismiss a bill for divorce is generally denied where defendant has filed a cross bill, or an answer in the nature of a cross bill in which affirmative relief is asked: 17 Am. Jur., §348, p. 324.

In this case there is what amounts to a cross action in the wife's action against her husband. Under all the circumstances of these two cases, we conclude that both cases or neither of them should be brought to a final adjudication. If each party desires to withdraw his action, we would permit the withdrawals. If either desires to proceed, the action should be brought to a *speedy* conclusion. Each case has been pending seven years. They should be concluded without delay. After this has been done, Joseph M. Danna may proceed with a new action on a different ground for incidents which he alleges occurred after the testimony was taken and after a reconciliation of the parties.

### Order

And now, to wit, July 12, 1955, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the rule issued at the above number and term be, and it is hereby, dismissed.